Petition for Writ of Mandamus Dismissed and
Memorandum Opinion filed November 18, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00998-CV



 

In Re Danny Lee Gonzales,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

            On
October 12, 2010, relator, Danny
Lee Gonzales, filed a petition for writ of
mandamus in this Court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In his petition, relator requests
this court to compel the Honorable Annette Kuntz, presiding judge of the 245th
District Court  of Harris Couny, Texas, to rule on motions he claims to have
filed relating to his petition for divorce, which is apparently pending in that
court.  

             To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision. State ex
rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.proceeding). Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App.1987)
(orig.proceeding) (op. on reh'g).  A relator must establish the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.
-- Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App. -- Amarillo 2003, orig. proceeding).  Filing
something with the district clerk's office does not mean the trial court is
aware of it; nor is the clerk's knowledge imputed to the trial court.  Id.
at n. 2.

Relator
has not provided file-stamped copies of his motions demonstrating they are
actually pending in the trial court.  Absent a showing the trial court is aware
of and been asked to rule on his motions, relator has not established his
entitlement to the extraordinary relief of a writ of mandamus.  Accordingly, we
deny relator’s petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Seymore, Boyce, and Christopher.